## SHEPHERD v. KEAGLE, County Auditor.

### Sac. No: 436; June 25, 1898.

#### 53 Pac. 702.

**Supervisors—Expenses—Liability of Counties.—A** member of the board of supervisors, who attended a supervisors' convention in another county as one of a committee of the whole, authorized and appointed by the board so to do, cannot recover compensation from the county for his expenses, since not within the duties of the board as authorized by law.

APPEAL from Superior Court, San Joaquin County.

Action by D. C. Shepherd against A. C. Keagle as county auditor of San Joaquin county. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

James A. Louttit for appellant; Smith & Grove and W. B. Nutter for respondent.

PER CURIAM.—The board of supervisors of the county of San Joaquin passed the following resolution March 2, 1897: "Resolved, that the members of the board of supervisors of San Joaquin county be, and are hereby authorized and appointed as a committee of the whole to attend the supervisors' convention to be held in Los Angeles on April 19, 20 and 21, 1897, and to visit other county seats en route; to inspect county hospitals, jails, methods of handling, costs of administering county business, roads, etc., and to act for San Joaquin county on all matters within the law looking to better methods and more economical handling of county and government affairs at all the county seats they may visit, and report to this board." Thereafter the plaintiff, who was a member of said board of supervisors, attended the convention at Los Angeles, and visited other county seats en route, as proposed by said resolution, and in the performance of said acts necessarily expended the sum of $44.25 for traveling expenses. After his return he presented to the board of supervisors and filed with

the clerk his claim for said expenses, in proper form, which was thereupon allowed and approved by the said board, and ordered paid, and said order of allowance was properly certified to the defendant, who was the auditor of said county, and demand was thereupon made upon him by the plaintiff that he draw his warrant for said amount upon the county treasurer. The defendant refused to comply with said demand, and the plaintiff made his application to the superior court for a writ of mandate directing the defendant to draw said warrant. A demurrer to the petition was sustained by the court, and judgment entered dismissing the application. From this judgment the present appeal has been taken.

The principles involved under the facts in this case do not differ in any substantial respect from those presented in the case of Irwin v. Yuba Co., 119 Cal. 686, 52 Pac. 35, and upon the authority of that case the judgment is affirmed.